IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CURTIS JACKSON, <br><br> v. <br><br> MAJOR MICHAEL SCHLAGATER, *et al.*, <br><br> *Defendants.* | CRIMINAL ACTION NO. <br> 5:18-cv-00235-TES-CHW |

### ORDER OF DISMISSAL

*Pro se* Plaintiff Curtis Jackson, an inmate in the Bibb County Law Enforcement Center in Macon, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] and a Motion to Proceed Without Prepayment of Fees and Affidavit [Doc. 2] or security therefore pursuant to 28 U.S.C. § 1915(a). In filing the *in forma pauperis* motion, however, Plaintiff failed to attach a certified trust fund account statement for the preceding six months, as required by 28 U.S.C. § 1915(a)(2). As a result, the United States Magistrate Judge ordered Plaintiff to submit a certified trust fund account statement in support of his *in forma pauperis* motion. [Doc. 5]. The Magistrate Judge gave Plaintiff 21 days to comply with the order. [*Id.* at p. 2].

Thereafter, Plaintiff failed to submit a trust fund account statement. Additionally, the United States Postal Service returned mail sent to Plaintiff at the Bibb County Law Enforcement Center, the only address on file for Plaintiff. [Doc. 6]. Thus, the Magistrate

Judge ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the previous order and failure to keep the Court apprised of his current address. [Doc. 7]. The Magistrate Judge again gave Plaintiff 21 days to comply and cautioned Plaintiff that his failure to respond would result in the Court dismissing this action.[1]

To date, Plaintiff has not responded to the Order to Show Cause. Thus, because Plaintiff has failed to comply with the previous orders or to otherwise prosecute his case, the Court **DISMISSES** this action **without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). In light of this dismissal, the Court **DENIES** Plaintiff's Motion to Proceed Without Prepayment Fees [Doc. 2] **as moot**.

**SO ORDERED**, this 16th day of October, 2018.

**S/ Tilman E. Self, III**
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT

---

[1] On September 6, 2018, the Clerk certified its mailing of the Order to Show Cause, and as of the date of this order, the United States Postal Service has not returned the Order to Show Cause to this Court.